# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY LEE BRADEN,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY SHERIFF'S DEPT., et al.,<br><br>    Defendants. | Case No. 1:23-cv-01155-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE AND DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**BACKGROUND**

Cory Lee Braden ("Plaintiff"), a former pretrial detainee, proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on August 3, 2023. (ECF No. 1.) On August 23, 2023, a screening order issued finding Plaintiff had failed to state any cognizable claims and granting Plaintiff leave to file a first amended complaint within thirty days. (ECF No. 7.) On August 30, 2023, Plaintiff filed a first amended complaint. (ECF No. 8.)

On March 1, 2024, a second screening order issued finding Plaintiff failed to state a cognizable claim and granting him one final opportunity to amend his complaint. (ECF No. 9.) Plaintiff was ordered to file his amended complaint within thirty days. (Id.) On March 15, 2024,

1

the second screening order was returned as undeliverable by the United States Postal Service stating that Plaintiff was not in custody.[1]

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

## III.

## DISCUSSION

**A.     Plaintiff's Failure to Comply with Court Orders and the Local Rules**

In this instance, the Court finds that dismissal of this action is warranted on two separate grounds. First, Plaintiff was ordered to file an amended complaint within thirty days of the May 1, 2024 order. More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Although Plaintiff's mail has been returned as undeliverable, Rule 182(f) provides that

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

Therefore, service of the order on the current address of record is fully effective and Plaintiff's failure to comply with the order is grounds for dismissal of this action.

Second, pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

---

[1] The Court has checked the California Department of Corrections and Rehabilitation inmate locator and there is no inmate with Plaintiff's name currently in custody. https://www.cdcr.ca.gov/Visitors/Inmate_Locator.html (last visited June 4, 2024).

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was first returned, and he has not notified the Court of a current address. The Court is unable to contact Plaintiff and there are no other reasonable alternatives available to address Plaintiff's failure to comply with the Local Rule. Therefore, this action should be dismissed for failure to prosecute.

### B. The Factors Weigh in Favor of Dismissal

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. <u>In re Phenylpropanolamine</u>

(PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of May 1, 2024. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.

Further, pursuant to the Local Rules, Plaintiff was required to keep the Court updated with his most recent address. It has been more than sixty-three days since Plaintiff's mail was returned as undeliverable and he has not provided the Clerk with an updated address. Therefore, there is no current address at which to contact Plaintiff. Plaintiff's failure to comply with the orders of the Court and the Local Rules hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. Although this action was filed in August 3, 2023, Plaintiff has failed to state a claim in this action, no defendant has been served and therefore they are not aware of this action. Here, the delay is solely attributable to Plaintiff's failure to comply with the Local Rule requiring that he keep the Court updated with his current address and the failure to file a timely amended complaint. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue and the Local Rules. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 23, 2023, and May 1, 2024 screening orders requiring Plaintiff to file an amended complaint both expressly

4

advised Plaintiff that the action would be dismissed if he failed to comply with the Court's order. (ECF No. 7 at 8-9; ECF No. 9 at 6.) The May 1, 2024 order stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 9 at 6:18-20.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## IV.

## CONCLUSION AND RECOMMENDATION

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

Further, Plaintiff has failed to comply with the Court's order to file an amended complaint. Local Rule 110 provides for sanctions for the failure to comply.

In considering the factors to determine if this action should be dismissed, Plaintiff's failure to comply indicates that he does not intend to diligently litigate this action. The factors weigh in favor of dismissing this action for failure to prosecute and failure to comply with a court order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with orders of the court and failure to prosecute.

The Clerk of the Court is HEREBY DIRECTED to randomly assign this matter to a District Judge for the purpose of issuing findings and recommendations.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, the parties may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 5, 2024**

UNITED STATES MAGISTRATE JUDGE